## AUSTIN TERM, 1906.

JOE HIRSCH v. THE STATE.

No. 3253. Decided May 2, 1906.

**1.—Violation of Game Law—Hearsay.**

Where upon trial for a violation of the game law the State's witness was permitted to testify concerning a conversation which took place. while appellant was not present, the same was hearsay and should have been excluded.

**2.—Same—Shipping Wild Ducks.**

On a trial for the violation of the game law where the evidence did not show that the defendant shipped or carried wild ducks on the train, the same was insufficient to support a conviction.

Appeal from the County Court of San Patricio. Tried below before Hon. P. A. Hunter.

Appeal from a conviction of a violation of the game law; penalty, a fine of $10.

The opinion states the case.

Walter F. Timon, for appellant.

J. E. Yantis, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with violating the game law, in that he shipped and transported wild ducks, without making affidavit required by statute. Witness Fisher was permitted to testify over appellant's objection that he knew of his own knowledge that the defendant did not make the required affidvit; that is, he came by this knowledge by and through a conversation he had with a notary public. This conversation took place while appellant was not present. Appellant urged various grounds of objection. These should have been sustained. This was purely hearsay.

Nor do we think the evidence is sufficient to support the judgment. As we understand the record, no witness testified that appellant either shipped or carried ducks on the train. There is evidence of the fact that he had shot some wild ducks, at least that there were ducks in the wagon in which appellant had gone to and returned from a lake where duck shooting occurred. As before stated, no witness testified to the fact that appellant carried ducks on the train. The judgment is reversed and the cause remanded.

Brooks, Judge, absent.

*Reversed and remanded.*